**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ANTHONY BRIDGES**                                                                                    **PLAINTIFF**

**V.                       CASE NO.: 2:10CV00189 BD**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration**                                                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anthony Bridges appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") that denied his claim for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security income ("SSI") under Title XVI of the Act.  For the following reasons, the decision of the Commissioner must be REVERSED and REMANDED.

**I.    Background:**

On August 7, 2007, Mr. Bridges filed for DIB and SSI, claiming disability since December 7, 2005, due to kidney and liver problems, diabetes, spinal arthritis, high cholesterol, high blood pressure, and right leg problems.  (Tr. 87, 106)  After denials initially and upon reconsideration, Mr. Bridges requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on November 30, 2009, at which

Mr. Bridges appeared and testified.[1]  (Tr. 22-32, 308-322)  His friend Christa Bridges and vocational expert Elizabeth Clem ("VE") also testified.

The ALJ issued a decision on January 13, 2010, finding that Mr. Bridges was not disabled under the Act.  (Tr. 10-17)  On November 5, 2010, the Appeals Council denied a request for review, making the ALJ's decision the Commissioner's final decision.  (Tr. 1-5)

## II. Decision of the Administrative Law Judge:

The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work[2]; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

The ALJ found that Mr. Bridges had not engaged in substantial gainful activity since his alleged disability onset date.  (Tr. 12)  The ALJ found that Mr. Bridges's obesity

---

[1] Mr. Bridges voluntarily waived his right to representation and appeared pro se. (Tr. 86)

[2] If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

and back disorders were severe impairments, but that his diabetes and peripheral neuropathy were not severe.  (Tr. 12-16)  The ALJ also found that Mr. Bridges did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1526, 416.926). (Tr. 12-13)

The ALJ determined that Mr. Bridges retained the residual functional capacity ("RFC") to perform a reduced range of sedentary work activity, with only occasional climbing, stooping, kneeling, crouching, and crawling.[3]  (Tr. 13-16)  The ALJ determined that Mr. Bridges could not perform his past relevant work in the trucking industry, but that he could still perform jobs as an assembly worker or inspector, which existed in significant numbers in the national economy.  (Tr. 16-17)  Accordingly, the ALJ concluded Mr. Bridges was not disabled within the meaning of the Act.  (Tr. 17)

**III.    Analysis:**

Mr. Bridges claims the findings of the ALJ are not supported by substantial evidence because:  (1) the ALJ failed to find that Mr. Bridges's diabetes and peripheral neuropathy were severe impairments; (2) the ALJ erred in assessing the opinions of Edward Vandenburg, M.D.; (3) the ALJ erred in assessing the credibility of Mr. Bridges's subjective complaints; (4) the ALJ erred in assessing the lay witness testimony; and

---

[3] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a).

(5) the ALJ's RFC determination was flawed. (#15) The Commissioner argues that substantial evidence supports the ALJ's finding that Mr. Bridges was not disabled. (#16)

    A.    *Standard of Review*

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Johnson v. Astrue*, 627 F.3d 316, 319 (8th Cir. 2010); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision. But the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009)(quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

    B.    *Severe Impairments*

Mr. Bridges argues that his diabetes and peripheral neuropathy were severe impairments. A "severe" impairment is, of course, something that significantly limits a person's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992). Basic work activities include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as mental or nonexertional functions such as the ability to

see, hear, and speak; the ability to understand, carry out, and remember simple instructions; to use judgment; to respond appropriately to supervision, co-workers, and usual work situations; and to deal with changes in work routine.  20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

The ALJ noted that Mr. Bridges's diabetes inhibited his ability to perform work. (Tr. 13)  His diabetes was uncontrolled, possibly due to noncompliance with prescribed medication.  (Tr. 13, 15)  Also, nerve conduction studies were abnormal, which provided some objective medical support for the presence of peripheral neuropathy.  (Tr. 14)

The medical records of treating, consulting, and examining physicians noted the presence of diabetes and peripheral neuropathy.  A consulting physical examination, a physical RFC assessment, and a medical source statement all noted limitations due to diabetes or peripheral neuropathy.  (Tr. 226-233, 234-241, 279-280)  Despite this evidence, the ALJ found Mr. Bridges's diabetes and peripheral neuropathy were not severe impairments.

The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities.  *Gonzales v. Barnhart*, 456 F.3d 890, 894 (8th Cir. 2006).  Mr. Bridges met this burden with evidence that his diabetes and peripheral neuropathy would limit his ability to work.

The medical records the ALJ relied on note diabetes and peripheral neuropathy. However, he barely noted diabetes or peripheral neuropathy in his decision.  He did not

discuss how severe diabetes or peripheral neuropathy would impact Mr. Bridges's ability to work. (Tr. 13-15)

It is not clear whether the ALJ's failure to find the impairments "severe" had any practical effect on the decision. Mr. Bridges, for his part, did not provide any specific limitations that his diabetes and peripheral neuropathy would cause that were not already included in the ALJ's RFC finding. On remand, the ALJ should consider whether Mr. Bridges's severe diabetes and peripheral neuropathy would limit his RFC beyond the current RFC determination.

    C.    *Assessment of Dr. Vandenburg's Opinions*

Mr. Bridges saw Dr. Vandenburg for treatment of various ailments, including diabetes and neuropathy. Dr. Vandenburg completed an application for a disabled vehicle license plate and a medical source statement for Mr. Bridges. (Tr. 271, 279-280) Numerous records from Dr. Vandenburg also noted Mr. Bridges's impairments and condition. (Tr. 273, 275, 277, 281, 289, 291-292, 295-302) Despite this record, the ALJ never mentioned Dr. Vandenburg in his opinion. The ALJ referenced some records of Dr. Vandenburg's treatment, and "gave some weight to the opinions of the claimant's treating physician and clinicians," but failed to provide a sufficient basis for discrediting Dr. Vandenburg's opinions. (Tr. 13-15)

An ALJ may reject the opinion of any medical expert if that opinion is inconsistent with the medical record as a whole. *Finch v. Astrue*, 547 F.3d 933, 938 (8th Cir. 2008)

(quoting *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002)). Additionally, a treating physician's opinion that a claimant is disabled or cannot be gainfully employed is entitled to no deference because it invades the province of the Commissioner, whose job it is to make ultimate disability determinations. *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007). It is the ALJ's function to resolve conflicts among the various treating and examining physicians. *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007)(quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001)). In this case, however, the ALJ provided an insufficient discussion of inconsistencies in the medical record to discredit Dr. Vandenburg's opinions. There may be sufficient evidence in the record to discredit some of Dr. Vandenburg's opinions, but the ALJ did not allude to any such evidence. The Court cannot determine from the ALJ's decision the actual weight given to Dr. Vandenburg's opinions, or a reason for discrediting them.

    D.    *Credibility*

Mr. Bridges argues the ALJ erred in assessing both his, and his friend Christa Browning's testimony. The ALJ found Mr. Bridges's allegations credible to the extent they were consistent with the ability to perform a reduced range of sedentary work. (Tr. 14) The ALJ found that Ms. Browning's testimony confirmed Mr. Bridges's allegations and helped the ALJ understand the limiting effects of Mr. Bridges's impairments. (Tr. 13) Mr. Bridges considered this an improper rejection of the testimony, but failed to

specify any rejected testimony that would further reduce the ALJ's RFC finding. (#15, p. 14-18)

The ALJ evaluated Mr. Bridges's allegations under the guidelines set forth in 20 C.F.R. §§ 404.1529, 416.929, Social Security Ruling 96-7p, and other relevant authority and concluded that his credible allegations were consistent with a reduced range of sedentary work.[4] (Tr. 13-15) There is substantial evidence supporting the ALJ's credibility analysis.

As the ALJ noted, the medical record evidences a number of limitations, but not a complete inability to function. (Tr. 13-14) Mr. Bridges was able to mow his lawn on a riding mower, do laundry while seated, and prepare food for himself. (Tr. 14) Mr. Bridges had full range of motion in his cervical spine and 70% range of motion in his lumber spine. His gait, tandem walk, and leg raises were normal. He could squat and rise from a squatted position, and stand and walk without assistance. (Tr. 14) Mr. Bridges's blood pressure was well controlled with medication. (Tr. 320)

Mr. Bridges testified that he spent most days sitting. (Tr. 316, 320) He and Ms. Browning stated that he could stand for three to four hours a day with breaks. (Tr. 317) The ALJ's RFC determination limited Mr. Bridges to sitting six hours a day, and standing and walking no more than two hours a day. (Tr. 15)

---

[4] The ALJ did not cite *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), but the regulations and rulings noted are consistent with the requirements of *Polaski*.

The ALJ gave good reasons for discounting some of Mr. Bridges's subjective complaints. Contrary to Mr. Bridges's argument, the ALJ credited a great deal of his and Ms. Browning's testimony. The ALJ found the testimony credible to the extent Mr. Bridges was limited to a reduced range on sedentary work. An RFC for less than a full range of sedentary work is rare and reflects very serious limitations. Social Security Ruling 96-9p (1). The ALJ's findings in this regard are entitled to deference because they are supported by the record. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

E.   *Residual Functional Capacity*

The ALJ bears the primary responsibility for assessing a claimant's RFC. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010). It is the claimant's burden, however, to prove RFC. *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). Mr. Bridges argues that, when determining RFC, the ALJ failed to properly consider testimonial evidence, Dr. Vandenburg's opinions, and the side effects of his medications. Mr. Bridges failed to allege, however, a single limitation beyond the extremely limited RFC found by the ALJ.

As noted, the ALJ properly considered the testimonial evidence, but erred in apparently failing to consider Dr. Vandenburg's opinions regarding Mr. Bridges's severe diabetes and peripheral neuropathy. It appears the ALJ also erred in considering Mr. Bridges's morbid obesity.

The ALJ found that Mr. Bridges had vastly reduced his obesity level from his normal weight of around 300 pounds. (Tr. 14)  Medical records for November 5, 2009, reflect a weight of 210 pounds for Mr. Bridges. (Tr. 273)  The ALJ considered this weight loss as an improvement of Mr. Bridges's severe obesity. (Tr. 14)  The medical record showing a weight of 210 pounds, however, is obviously a typographical error.  Mr. Bridges's weight on October 6, 2009, was 310 pounds. (Tr. 275)  His weight on December 29, 2009, was 312 pounds.[5] (Tr. 283)  It is highly unlikely that Mr. Bridges lost 100 pounds between October 6, 2009, and November 5, 2009, then gained 100 pounds between November 5, 2009, and December 29, 2009.  The ALJ should have considered Mr. Bridges's severe obesity at the level supported by the record, instead of considering it at a vastly improved – and obviously erroneous – level.

F.   *Remand*

Mr. Bridges noted a number of shortcomings in the ALJ's decision.  He failed, however, to state how any of these shortcomings would affect the decision.  It is not clear from the record if they would have any impact.

On remand, the ALJ should consider whether severe diabetes and peripheral neuropathy would further limit Mr. Bridges's RFC.  The ALJ should also consider Dr. Vandenburg's medical opinions, the weight to be given, and whether consideration of these opinions would change the RFC determination.  Finally, the ALJ should consider

---

[5] His weight on January 19, 2010, was 313 pounds. (Tr. 281)

10

Mr. Bridges's severe obesity, at a level supported by the record. If after consideration of these issues, the ALJ finds Mr. Bridges retained the same RFC, then it appears from VE testimony that Mr. Bridges could still perform a significant number of jobs that existed in the national economy.

## IV.  Conclusion:

After consideration of the record as a whole, the Court finds the decision of the Commissioner is not supported by substantial evidence. The Commissioner's decision is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 4th day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE